Case 1:08-md-01950-VM   Document 1   Filed 06/18/08   Page 1 of 3



A CERTIFIED TRUE COPY
ATTEST

By April Layne on Jun 16, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**CORRECTED**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jun 16, 2008**

FILED
CLERK'S OFFICE

IN RE: MUNICIPAL DERIVATIVES
ANTITRUST LITIGATION

08-
MDL No. 1950

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiff in both District of District of Columbia actions moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in the District of District of Columbia of the three actions listed on Schedule A. The plaintiff's motion encompasses two actions in the District of District of Columbia and one action in the Southern District of New York.[1] Plaintiff in the Southern District of New York action before us and defendant Bank of America, N.A., support the motion.[2]

The other responding parties also agree that centralization is appropriate, but disagree upon the selection of the transferee district. Twenty-six other defendants[3] suggest the Southern District of New York as transferee district, a choice which is also supported by the plaintiff in the Southern District of

---

[*] Judges Heyburn and Motz took no part in the decision of this matter.

[1] The parties have notified the Panel of two additional related actions pending in the District of District of Columbia and two other related actions pending, respectively, in the Northern District of California and the Southern District of New York. These actions and any other related actions will be treated as potential tag-along actions; such actions filed in the transferee district require no action on the part of the Panel. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The moving plaintiff also represents that the other plaintiffs in the District of District Columbia actions encompassed by the motion support transfer to that district.

[3] JPMorgan Chase & Co.; AIG Financial Products Corp.; AIG SunAmerica Life Assurance Co.; Bear, Stearns & Co. Inc.; Cain Brothers & Co, LLC; CDR Financial Products; Financial Security Assurance Holdings Ltd.; Financial Security Assurance, Inc.; First Southwest Co.; GE Funding Capital Market Services; Genworth Financial, Inc.; Investment Management Advisory Group, Inc.; Lehman Brothers Inc.; Merrill Lynch & Co., Inc.; Morgan Keegan & Co., Inc.; Morgan Stanley; Natixis Funding Corp.; Natixis S.A.; PackerKiss Securities, Inc.; Societe Generale, S.A.; Sound Capital Management, Inc.; Trinity Funding Co., LLC; UBS AG; Wachovia Bank, N.A.; XL Asset Funding Co., LLC; and XL Life Insurance & Annuity Co.

- 2 -

New York potential tag-along action. Plaintiff in the Northern District of California potential tag-along action proposes the Northern District of California as the transferee district.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege one or more conspiracies to rig bids and fix, maintain and/or stabilize interest rates provided on municipal derivatives to state and local municipalities in the United States; all actions also purport to be nationwide class actions and include claims for violation of federal antitrust law. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the center of gravity for this litigation is New York City and that the Southern District of New York is an appropriate transferee forum for this docket. The alleged wrongful activities are intimately connected to the New York financial markets, many of the defendants are headquartered in New York City, the government investigation is ongoing in the Southern District of New York, and relevant documents and witnesses are likely to be found there. Also, the judge to whom we are assigning this litigation is not currently presiding over a multidistrict litigation docket. Transfer to this district also has the support of most defendants as well as one named plaintiff.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Victor Marrero for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*   J. Frederick Motz*
Robert L. Miller, Jr.           Kathryn H. Vratil
David R. Hansen                 Anthony J. Scirica

**IN RE: MUNICIPAL DERIVATIVES**
**ANTITRUST LITIGATION**                                              MDL No. 1950

## SCHEDULE A

### District of District of Columbia

- Fairfax County, Virginia, et al. v. Packerkiss Securities, Inc., et al., C.A. No. 1:08-432
- Fairfax County, Virginia, et al. v. Bank of America, C.A. No. 1:08-433

### Southern District of New York

Hinds County, Mississippi v. Wachovia Bank, N.A., et al., C.A. No. 1:08-2516