**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FAIRFAX COUNTY, VIRGINIA; STATE
OF MISSISSIPPI; CITY OF BALTIMORE,
MARYLAND; CENTRAL BUCKS
SCHOOL DISTRICT; and BUCKS
COUNTY WATER AND SEWER
AUTHORITY

On behalf of themselves and all
other similarly situated entities,

             Plaintiffs,

      v.

BANK OF AMERICA, N.A., *et al.*,

             Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/09

Hon. Victor Marrero

*In re Municipal Derivatives*
*Antitrust Litigation*

**MDL No. 1950**

**Master Docket No. 08-02156-VM-DCF**

**STIPULATION AND ORDER**
**RE LIMITED STAY OF DISCOVERY**

At this Court's direction, counsel for Class Plaintiffs ("Class Plaintiffs") and representatives of the United States Department of Justice, Antitrust Division ("Department of Justice") have met and conferred regarding the Department of Justice's May 20, 2009 request for a limited stay of certain types of discovery during the pendency of the ongoing criminal investigation. IT IS HEREBY STIPULATED AND AGREED as follows:

1.    The Department of Justice shall be permitted pursuant to Fed. R. Civ. P. 24 to move to intervene, without objection by Class Plaintiffs, for the limited purpose of staying certain discovery discussed below.

2.    Within 14 days of entry of this Stipulation and Order, the Department of Justice shall submit to the Court a memorandum detailing the need for the limited stay of discovery and an affidavit, to be filed under seal for *in camera* review, reporting on the status of the ongoing criminal investigation. *The need for briefing from the Department of Justice may be raised at the Rule 16 conference.*

3.     A stay of discovery with respect to the following categories shall remain in effect for a period of six months following entry of this Stipulation and Order:

    a.  *Depositions and Interrogatories*.   No depositions shall be taken, nor shall interrogatories be propounded, except as follows:

        (1) The parties may take depositions or propound interrogatories directed to custodians of records to determine the existence and volume of relevant records;

        (2) No questions may be asked at any deposition nor in any interrogatory about the grand jury proceedings or the witness's testimony, if any, before the grand jury, or communications with the Department of Justice relating to the grand jury investigation;

        (3) No proposed deponent or recipient of any interrogatories may be a former employee of any Defendant or Third Party.

    b.  *Tape Recordings and Transcripts*.   Production of tape recordings and transcriptions of tape recordings otherwise responsive to document requests or subpoenas shall not proceed.

4.     Until further Order of the Court, all formal discovery requests by Class Plaintiffs shall be served on the Department of Justice at the same time as served on any party. The Department of Justice may object to discovery on the basis that the requested discovery seeks information or documents prohibited under this Stipulation and Order.

5.     If necessary, the Department of Justice may, for cause shown, seek an order modifying or continuing the provisions of this Stipulation and Order.

2

6.    Except as expressly set forth above, discovery in this case may proceed.

IT IS SO STIPULATED this 15 day of June, 2009:


By: _Michelle O Rindone_

   Michelle Ofner Rindone
   Antitrust Division
   U.S. Department of Justice
   26 Federal Plaza, Suite 3630
   New York, NY 10278
   (212) 264-0664 (telephone)

*Counsel for the United States*

By: _William A. Isaacson_

   William A. Isaacson
   Boies, Schiller & Flexnar LLP
   5301 Wisconsin Avenue, N.W.
   Washington, D.C. 20015
   (202) 237-2727 (telephone)

*Co-Lead Counsel for Class Plaintiffs*


IT IS SO ORDERED this 24th day of June, 2009


Hon. Debra C. Freeman, Magistrate Judge

**Gabriel W. Gorenstein**
**United States Magistrate Judge**
**Southern District of New York**

3