UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
HINDS COUNTY, MISSISSIPPI,          :
                                    :
                    Plaintiff,      :
                                    :        08 Civ. 2516
        - against -                 :
                                    :
                                    :
WACHOVIA BANK N.A., et al.,         :
                                    :
                    Defendants.     :
----------------------------------X
IN RE MUNICIPAL DERIVATIVES         :
ANTITRUST LITIGATION                :        08 MDL No. 1950
                                    :
                                    :        **DECISION AND ORDER**
                                    :
----------------------------------X

**VICTOR MARRERO, United States District Judge.**

Between September 2010 and April 2011, twenty-four plaintiffs represented by the law firm Cotchett, Pitre & McCarthy, LLP ("Cotchett Plaintiffs") filed a total of twenty complaints and amended complaints ("Cotchett Complaints") consolidated in the above-referenced multidistrict litigation ("MDL"), naming as a defendant, among other entities, Royal Bank of Canada ("RBC").[1]

Previously, in the course of the action State of West Virginia v. Bank of America, N.A., et. al. (the "West Virginia Action"), also consolidated in this MDL, RBC moved to dismiss allegations against it that were substantially

---

[1] RBC was not named as a defendant in the lead action or any other putative class action in this MDL, nor it was not named as a defendant by any of the Cotchett Plaintiffs until September 2010.

similar to those contained in the later-filed Cotchett
Complaints.   By Decision and Order dated April 28, 2011
(the "West Virginia Order"), the Court dismissed a number
of allegations against RBC in the West Virginia Action and
determined that plaintiff State of West Virginia had pled
sufficiently a claim against RBC only with respect to a
single October 2003 municipal derivatives transaction.

    After the Court issued the West Virginia Order, RBC
submitted letters to the Court dated May 26 and June 6,
2011, requesting a pre-motion conference in anticipation of
moving to dismiss the Cotchett Complaints as to RBC.   RBC
argues that the only viable claims alleged against it in
the Cotchett Complaints -- those relating to the October
2003 transaction -- are barred by the four-year statute of
limitation for antitrust claims.   The Cotchett Plaintiffs
responded by letter dated June 2, 2011.   They argue that
they were not on notice of their claims against RBC until
July 27, 2010, and therefore their claims against RBC
relating to the October 2003 transaction are timely.

    Having considered the parties' arguments in light of
the Court's previous decisions in this MDL, the Court
grants RBC's request to move to dismiss, deems its May 26,
2011 letter to be such a motion (the "Motion") and

considers RBC's Motion fully submitted on the current record.

"The statute of limitations for an antitrust violation is tolled if plaintiff can show fraudulent concealment." Hinds County, Miss. v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 399 (S.D.N.Y. 2010) ("Hinds County II") (quotation marks omitted). However, any such tolling ends once a plaintiff becomes aware of "sufficient facts . . . to identify the particular cause of action at issue." Id.

In Hinds County II, the Court found that Cotchett Plaintiffs adequately pled fraudulent concealment in prior iterations of complaints against other defendants. See id. The Court notes that the Cotchett Complaints contain substantially similar allegations of fraudulent concealment as to RBC.

RBC does not dispute that the Cotchett Plaintiffs have adequately pled fraudulent concealment. However, it argues that the Cotchett Plaintiffs should be charged with inquiry notice of their claims against RBC as of either January 2005 -- when it was first reported in the press that United States Department of Justice ("DOJ"), the Securities and Exchange Commission and the Internal Revenue Service were investigating allegations of bid rigging in the municipal derivatives industry; or, at the latest, on November 15,

2006, the date on which Federal Bureau of Investigations agents raided the offices of three defendants in this MDL and DOJ issued grand jury subpoenas to more than two dozen others. Cotchett Plaintiffs respond that they could not have been on notice of their potential claims against RBC until July 27, 2010, the date on which former RBC employee Dominick Carollo was indicted by DOJ for his alleged role in the vast conspiracy alleged in this MDL.

The Court finds that the Cotchett Plaintiffs should be charged with inquiry notice as to their claims against RBC at least as of November 15, 2006. See GO Computer, Inc. v. Microsoft Corp, 508 F.3d 170, 179 (4th Cir. 2007) ("Inquiry notice is triggered by evidence of the possibility of fraud, not by complete exposure of the alleged scam."). "Once a plaintiff becomes aware [of its injury and the cause thereof] the clock begins to run for statute of limitations purposes. Neither a lack of knowledge of the specific pattern of fraudulent activity, [n]or an inability to know the particular identities of some of the perpetrators of the fraud alters this result." U.S. ex rel. Miller v. Bill Harbert Intern. Constr., 505 F. Supp. 2d 1, 9 (D.D.C. 2007) (holding that a plaintiff may be held to know of certain individuals' involvement in a fraudulent scheme based solely on their relationship to known

perpetrators of the fraud). Significantly, as RBC points out, the first of the Cotchett Plaintiffs filed suit in this MDL against forty-one financial institutions (although not RBC) in July 2008, more than a year before DOJ had filed any indictments against any industry participants. It can hardly be said, therefore, that an indictment was a prerequisite to notice of those claims.

Although RBC has cited several cases for the proposition that inquiry notice may be triggered once a plaintiff has knowledge of a pending government investigation, the Court finds the set of facts here to be distinguishable. The quantity of information about government investigations into the alleged antitrust conspiracy that RBC claims was available to the Cotchett Plaintiffs in January 2005 was simply too meager, particularly in light of the fact that RBC was not identified as a possible target. See GO Computer, 508 F.3d at 178 (observing that plaintiff had met personally with the FTC on two occasions in connection with the government's investigation of defendant Microsoft); Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir. 1975) (finding that congressional hearings and an FTC lawsuit against defendant Goodyear were sufficient for inquiry notice).

Based on this determination, the Court holds that only those Cotchett Complaints that named RBC as a defendant and were filed within the four-year period following November 15, 2006 (i.e., as of November 15, 2010) may be saved by tolling for fraudulent concealment. All other Cotchett Complaints must therefore be dismissed as to claims asserted against RBC, and the Court hereby GRANTS RBC's motion as to those complaints.

**ORDER**

For the reasons discussed above, it is hereby

ORDERED that the motion ("Motion") (Docket No. 1503) of defendant Royal Bank of Canada ("RBC") to dismiss the claims against it contained in certain complaints in this and other related actions is GRANTED as to the following complaints in the following actions:

- Kendal on Hudson, Inc. v. Bank of America, N.A. et al., No. 10-cv-9496 (Docket No. 1);

- Los Angeles Unified School District v. Bank of America, N.A. et al., No. 11-cv-361 (Docket No. 1);

- Peconic Landing at Southhold, Inc. v. Bank of America, N.A. et al., No. 11-cv-682 (Docket No. 1);

- City of Redwood City v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1307);

- City of Richmond v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1300);

- City of Riverside et al. v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1301);

- City of Los Angeles v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1306);

- City of San Jose et al. v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1310);

- City of Stockton v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1297);

- County of Tulare v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1308);

- Contra Costa County v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1299);

- County of San Diego v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1302);

- County of San Mateo v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1294);

- East Bay Municipal Utility District v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1298);

- Los Angeles World Airports v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1293);

- Redevelopment Agency of the City and County of San Francisco v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1309);

- Redevelopment Agency of the City Stockton et al. v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1296);

- Sacramento Municipal Utility District v. Bank of America, N.A. et al., No. 08-cv-2516 (Docket No. 1295); and

- <u>Sacramento Suburban Water District v. Bank of America, N.A. et al.</u>, No. 08-cv-2516 (Docket No. 1292);

And it is further

ORDERED that RBC's Motion is DENIED as to the complaint in <u>Active Retirement Community, Inc. d/b/a Jefferson's Ferry v. Bank of America, N.A. et al.</u>, 08-cv-2516 (Docket No. 1245) (the "Active Retirement Action"); and it is further

ORDERED that, to the extent that RBC seeks to raise any further arguments as to why the claims asserted against it by plaintiff in the Active Retirement Action should be dismissed, RBC is directed to submit a letter to the Court not to exceed three pages on or before June 30, 2011.

**SO ORDERED.**

Dated:    New York, New York
          22 June 2011

Victor Marrero
U.S.D.J.

8