```
                                      ┌──────────────────────────┐
                                      │ USDC SDNY                │
                                      │ DOCUMENT                 │
UNITED STATES DISTRICT COURT          │ ELECTRONICALLY FILED     │
SOUTHERN DISTRICT OF NEW YORK         │ DOC #: _____   │
----------------------------------X   │ DATE FILED:  9/7/11      │
HINDS COUNTY, MISSISSIPPI,        :   └──────────────────────────┘
                                  :
                      Plaintiff,  :
                                  :    08 Civ. 2516
      - against -                 :
                                  :
                                  :
WACHOVIA BANK N.A., et al.,       :
                                  :
                      Defendants. :
----------------------------------X
IN RE MUNICIPAL DERIVATIVES       :
ANTITRUST LITIGATION              :    08 MDL No. 1950
                                  :
                                  :    DECISION AND ORDER
                                  :
----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Between September 2010 and April 2011, twenty-four plaintiffs represented by the law firm Cotchett, Pitre & McCarthy, LLP ("Cotchett Plaintiffs") filed a total of twenty complaints and amended complaints ("Cotchett Complaints") consolidated in the above-referenced multidistrict litigation, naming as defendants, among other entities, Royal Bank of Canada ("RBC") and General Electric Capital Corporation and several of its wholly-owned subsidiaries (collectively, "GE/Trinity").[1]

---

[1] The GE/Trinity entities are: General Electric Capital Corporation ("GECC"); GE Funding Capital Market Services, Inc. ("GE Funding"); Trinity Funding Co., LLC; and Trinity Plus Funding Co., LLC.

1

On May 31, 2011, GE/Trinity moved to dismiss all twenty Cotchett Complaints ("GE/Trinity Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").

Separately, by Decision and Order dated June 23, 2011 ("June 23 Decision"), the Court dismissed on statute of limitations grounds nineteen of the Cotchett Complaints as to claims asserted against RBC. The Court also directed RBC to submit any further arguments it might have as to why the complaint of the one remaining Cotchett Plaintiff, Active Retirement Community, Inc. d/b/a Jefferson's Ferry ("Jefferson's Ferry"), should be dismissed. RBC submitted a letter on June 30, 2011 ("June 30 Letter"), arguing that Jefferson's Ferry's second amended complaint ("JFSAC") should be dismissed as to RBC based upon its failure to plead allegations which specifically linked RBC to a Jefferson's Ferry transaction. Jefferson's Ferry responded by letter dated August 15, 2011. The Court now deems RBC's June 30 Letter to be a motion to dismiss pursuant to Rule 12(b)(6) ("RBC Motion") and finds it to be fully submitted on the current record.

This Decision and Order addresses both the RBC Motion and the GE/Trinity Motion. For the reasons discussed below, the Court GRANTS the GE/Trinity Motion as to all

2

Cotchett Plaintiffs except for Jefferson's Ferry, and DENIES both the RBC Motion and the GE/Trinity Motion as to Jefferson's Ferry.

## DISCUSSION

The actions at issue here are part of the In re: Municipal Derivatives Antitrust Litigation, 08 MDL No. 1950 ("MDL 1950"). The Court presumes familiarity with the factual background and legal analysis contained in prior decisions in MDL 1950, in particular the April 26, 2010 Decision and Order, Hinds Cnty., Miss. v. Wachovia Bank, N.A., 708 F. Supp. 2d 348 (S.D.N.Y. 2010) ("April 2010 Decision"); the April 29, 2010 Decision and Order, Hinds Cnty., Miss. v. Wachovia Bank, N.A., --- F. Supp. 2d ---, 2011 WL 1602019 (S.D.N.Y. Apr. 29, 2011) ("April 2011 Decision"); and the June 23 Decision, Hinds Cnty., Miss. v. Wachovia Bank, N.A., --- F. Supp. 2d ---, 2011 WL 2636166 (S.D.N.Y. June 23, 2011).

A.  Statute of Limitations

"The [four-year] statute of limitations for an antitrust violation is tolled if plaintiff can show fraudulent concealment." Hinds County, Miss. v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 399 (S.D.N.Y. 2010) (quotation marks omitted). However, any such tolling ends

once a plaintiff becomes aware of "sufficient facts . . . to identify the particular cause of action at issue." Id.

In its June 23 Decision, the Court found that Cotchett Plaintiffs were charged with inquiry notice as to their claims against RBC at least as of November 15, 2006, the date on which Federal Bureau of Investigations agents raided the offices of three defendants in this MDL and the Department of Justice issued grand jury subpoenas to more than two dozen others. See Hinds Cnty., Miss, 2011 WL 2636166, at *2; see also GO Computer, Inc. v. Microsoft Corp, 508 F.3d 170, 179 (4th Cir. 2007) ("Inquiry notice is triggered by evidence of the possibility of fraud, not by complete exposure of the alleged scam."). The Court therefore held that only those Cotchett Complaints filed within the four-year period following November 15, 2006 (i.e., prior to November 15, 2010) could be saved by tolling for fraudulent concealment. See Hinds Cnty., Miss, 2011 WL 2636166, at *2.

Like RBC before it, GE/Trinity argues that the Cotchett Complaints must be dismissed as to GE/Trinity on statute of limitations grounds. For the reasons already discussed in the June 23 Decision, the Court agrees that all those Cotchett Complaints filed after November 15, 2010

4

must be dismissed as to claims asserted against GE/Trinity. Therefore, only the JFSAC remains against GE/Trinity.

B.   Jefferson's Ferry

1.   RBC'S Motion

RBC argues that, pursuant to the April 2011 Decision, a cause of action lies against RBC only with respect to a single, October 2003 municipal derivatives transaction ("October 2003 Transaction"). Therefore, contends RBC, since Jefferson's Ferry has not pled any relationship between itself and the October 2003 Transaction, its claims against RBC must be dismissed.

RBC misconstrues the import of the April 2011 Decision. In fact, the Court held that plaintiff State of West Virginia ("West Virginia") had pled sufficient facts concerning the October 2003 RBC Transaction to create a plausible inference that RBC had participated in the "vast antitrust conspiracy alleged to be at the heart of this MDL." Hinds Cnty., Miss., 2011 WL 1602019, at *10. Indeed, the Court found West Virginia's allegations against RBC particularly plausible because, notwithstanding that RBC was not involved in the municipal derivatives business in 2003, it "was actively participating in -- and winning -- municipal derivatives auctions in 2005 and 2006," at which point it could have profited from quid pro quo

5

benefits often afforded to conspiracy participants. <u>Id.</u> As the Court determined in its April 2010 Decision, it suffices at the Rule 12(b)(6) stage for a plaintiff to allege sufficient facts to create a plausible inference that a particular defendant was involved in the alleged antitrust conspiracy generally. See <u>Hinds Cnty., Miss.</u>, 708 F. Supp. 2d at 364; <u>see also</u> <u>County of Orange v. Sullivan Highway Prods.</u>, Nos. 88 Civ. 8583, 89 Civ. 4218, 1989 WL 124213, at *5 (S.D.N.Y. Oct. 12, 1989) ("The fact that [a certain plaintiff] was too far away for defendants to bid on does not mean that they did not conspire to fix the prices as to [that plaintiff]. In this case, the success of the agreement to rig bids depended upon the adherence of all the conspirators to its terms.").

Therefore, based upon the Court's determination in the April 2011 Decision as to RBC's plausible participation in the bid-rigging conspiracy, as well as the allegations contained in (1) the JFSAC regarding anti-competitive acts committed by RBC, and (2) the indictment filed by the United States Government ("Government") in <u>United States v. Dominick Carollo, et al.</u>, No. 10 Cr. 654 (S.D.N.Y. July 27,

2010) ("Carollo Indictment"),[2] the Court finds Jefferson's Ferry has stated a plausible claim against RBC.

2. GE/Trinity's Motion

GE/Trinity asserts that the JFSAC essentially rehashes the same allegations against GE/Trinity that the Court has held in prior opinions to be deficient as a matter of law. In so arguing, however, GE/Trinity mischaracterizes the content of the JFSAC, and, like RBC, misconstrues the import of the Court's prior opinions.

In its April 2010 Decision, the Court dismissed prior Cotchett Plaintiffs' actions against GE/Trinity without prejudice, "subject to reinstatement of the claim upon a sufficient showing by Plaintiffs during the course of discovery of facts supporting a plausible inference that [GE/Trinity] participated in the alleged conspiracy." Hinds Cnty., Miss., 708 F. Supp. 2d at 361. At that time, the Court stated that the Cotchett Plaintiffs' allegations that GE/Trinity was under government investigation were insufficient, without more, to create such a plausible

---

[2] These documents allege that lead Carollo defendant Dominick Carollo, a former managing director of RBC's municipal derivatives business, engaged in various activities related to bid rigging, kickbacks and other forms of conspiratorial conduct on behalf of RBC.

7

inference.[3]  See id.  Upon repleading, Jefferson's Ferry has bolstered its allegations significantly.  The JFSAC is replete with details derived from the Carollo Indictment, including allegations concerning multiple and repeated instances in which Carollo defendant Peter Grimm, a GE/Trinity vice president from 2000 to 2006, conspired with others on behalf of GE/Trinity to rig bids and fix prices on municipal derivatives transactions.

Further, Jefferson's Ferry has gone beyond the allegations merely contained in the Carollo Indictment. Whereas the Carollo Indictment employs generic identifiers for the entities alleged to be involved in the illegal conduct and does not specify the particular transactions alleged to have been fixed, Jefferson's Ferry fills in the blanks, identifying which entities conspired with whom, how and when.[4]  Upon full review of the Carollo Indictment in

---

[3] Cotchett Plaintiffs had also alleged that GE/Trinity was the winning bidder in a transaction in which another bidder submitted a losing bid that was 73 basis points below GE/Trinity's bid. The Court held in the April 2010 Decision that a spread of less than 100 basis points, standing alone, is insufficient to create a plausible inference of participation in the conspiracy. See Hinds Cnty., Miss, 708 F. Supp. 2d at 360.

[4] In this respect, the JFSAC's allegations are distinguishable from West Virginia's allegations against GE/Trinity entity GE Funding. Although the Court took judicial notice of the Carollo Indictment in its April 2011 Decision, it did not benefit from the kind of detail set forth in the JFSAC, possibly because West Virginia filed its complaint prior to the filing of the Carollo Indictment. Further, although West Virginia referenced the conspiratorial activities of Carollo defendant and former GE

light of the additional, extensive and detailed allegations contained in the JFSAC, and taking into consideration all of the conspiratorial conduct discussed in the Court's prior opinions, the Court finds that Jefferson's Ferry has stated a plausible claim against GE/Trinity.[5]

## ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion that the Court has deemed contained in defendant Royal Bank of Canada's ("RBC") letter dated June 30, 2011 (Docket No. 1578) to dismiss the claims against RBC contained in the action Active Retirement Community, Inc. d/b/a Jefferson's Ferry v. Bank

---

Funding analyst Steven Goldberg ("Goldberg"), West Virginia alluded only to the limited allegations concerning Goldberg contained in the Bill of Particulars filed in a separate criminal antitrust action, United States v. Rubin/Chambers, Dunhill Ins. Servs., et al., No. 09 Cr. 1058 (S.D.N.Y. Oct. 29, 2009). Those allegations relate to conduct that allegedly occurred several years after Goldberg left GE Funding. In contrast, the allegations contained in the Carollo Indictment and the JFSAC concerning GE/Trinity are significantly more robust.

[5] GE/Trinity's argument that Jefferson's Ferry has not sufficiently pled its claims as to all GE/Trinity entities is without merit, given allegations in the JFSAC that GECC operated the other GE/Trinity entities as alter-egos in the conspiracy. See Hinds Cnty., Miss., 708 F. Supp. 2d at 367 ("The Court finds that Plaintiffs have plausibly alleged that the legal fiction separating Natixis and Natixis Funding was illusory as to the transactions at issue, and that Natixis Funding was merely a conduit for Natixis's participation in the municipal derivatives market . . . . [F]or Natixis to now assert its corporate separateness to escape liability for any frauds or misdeeds committed by the enterprise would be inequitable and unjust.").

9

of America, N.A. et al., No. 08 Civ. 2516 (Docket No. 1245) (the "JFSAC") is DENIED; and it is further

**ORDERED** that the motion ("Motion") (Docket No. 305, 08 MDL No. 1950) of defendants General Electric Capital Corporation; GE Funding Capital Market Services, Inc.; Trinity Funding Co., LLC; and Trinity Plus Funding Co., LLC (collectively, "GE/Trinity") to dismiss the claims against it contained in certain complaints in this and other related actions is GRANTED as to the following complaints in the following actions:

- Kendal on Hudson, Inc. v. Bank of America, N.A. et al., No. 10 Civ. 9496 (Docket No. 1);

- Los Angeles Unified School District v. Bank of America, N.A. et al., No. 11 Civ. 361 (Docket No. 1);

- Peconic Landing at Southhold, Inc. v. Bank of America, N.A. et al., No. 11 Civ. 682 (Docket No. 1);

- City of Redwood City v. Bank of America, N.A. et al., No. 08 Civ. 2516 (Docket No. 1307);

- City of Richmond v. Bank of America, N.A. et al., No. 08 Civ. 2516 (Docket No. 1300);

- City of Riverside et al. v. Bank of America, N.A. et al., No. 08 Civ. 2516 (Docket No. 1301);

- City of Los Angeles v. Bank of America, N.A. et al., No. 08 Civ. 2516 (Docket No. 1306);

- City of San Jose et al. v. Bank of America, N.A. et al., No. 08 Civ. 2516 (Docket No. 1310);

- <u>City of Stockton v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1297);

- <u>County of Tulare v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1308);

- <u>Contra Costa County v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1299);

- <u>County of San Diego v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1302);

- <u>County of San Mateo v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1294);

- <u>East Bay Municipal Utility District v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1298);

- <u>Los Angeles World Airports v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1293);

- <u>Redevelopment Agency of the City and County of San Francisco v. Bank of America, N.A. et al.</u>, No. No. 08 Civ. 2516 (Docket No. 1309);

- <u>Redevelopment Agency of the City Stockton et al. v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1296);

- <u>Sacramento Municipal Utility District v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1295); and

- <u>Sacramento Suburban Water District v. Bank of America, N.A. et al.</u>, No. 08 Civ. 2516 (Docket No. 1292);

and it is further

**ORDERED** that GE/Trinity's Motion (Docket No. 305, 08 MDL No. 1950) to dismiss the claims against GE/Trinity contained in the JFSAC is DENIED.

The Clerk of Court is directed to terminate the motions specified above.

**SO ORDERED.**

Dated:   New York, New York
         7 September 2011

                                    _____
                                    Victor Marrero
                                    U.S.D.J.