USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ) | Master Docket # 08 Civ. 2516(VM) |
| IN RE MUNICIPAL DERIVATIVES ) | (GWG) |
| ANTITRUST LITIGATION ) | |
| ------------------------------------------------ ) | |
| This Document Relates to: ) | MDL No. 1950 |
| ALL ACTIONS ) | |

**ORDER AND FINAL JUDGMENT**
**ON JPMORGAN SETTLEMENT AGREEMENT**

Class Plaintiff City of Baltimore, MD, University of Mississippi Medical Center, University of Southern Mississippi, Mississippi Department of Transportation, University of Mississippi, Central Bucks School District and Bucks County Water & Sewer Authority ("Class Plaintiffs"), individually and on behalf of the putative class of purchasers in the above-captioned class action, and Defendant JPMorgan entered into a Settlement Agreement to fully and finally resolve the Class's claims against JPMorgan. On June 4, 2012, the Court entered its Order granting preliminary approval of the proposed settlement ("JPM Preliminary Approval Order") (Docket No. 1693). Among other things, the JPM Preliminary Approval Order authorized Class Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order and the Court held a fairness hearing on December 14, 2012.

Having considered Class Plaintiffs' Motion for Final Approval of Proposed Settlement with Defendant JPMorgan, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      This Court has jurisdiction over the subject matter of this litigation.

2.      Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3.      "Actions" means *In re Municipal Derivatives Antitrust Litigation* and each of the cases previously or later consolidated and/or included as part of MDL Docket No. 1950, Master Docket No. 08-2516 (VM) (GWG).

4.      The JPM Preliminary Approval Order outlined the form and manner by which the Class Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Class who could be identified through reasonable efforts, as well as the publication of a summary notice in *The Wall Street Journal*. Proof that mailing and publication complied with the JPM Preliminary Approval Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23 and the requirements of due process. It provided due and adequate notice to the Class.

5.      The Court approves, as to form and content, the initial Class Action Fairness Act ("CAFA") Notice that was served within 10 days after the filing of the Motion for Preliminary Approval of the Settlement and the supplemental CAFA Notice that was served thereafter (an example of each Notice is attached as Exhibit 1). The Court finds that the Attorney General of the United States, state attorneys general, Federal Reserve Board, and the Office of the Comptroller of the Currency have received notice of the Settlement Agreement in accordance with the terms of CAFA, 28 U.S.C. § 1715(b).

6.      The settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

2

7.     By order of this Court dated June 4, 2012 (Docket No. 1693), pursuant to Fed. R.

Civ. P.23 and in light of the proposed settlement, the Court certified the following class for

settlement purposes (the "JPM Settlement Class"):

> All state, local and municipal government entities, independent
> government agencies, quasi-government, non-profit and private
> entities that (i) purchased by negotiation, competitive bidding or
> auction Municipal Derivative Transactions with Defendant or any
> Alleged Provider Defendant or Alleged Provider Co-Conspirator, or
> (ii) purchased by negotiation, competitive bidding or auction
> Municipal Derivative Transactions brokered by any Alleged Broker
> Defendant or Alleged Broker Co-Conspirator, at any time from
> January 1, 1992 through August 18, 2011, in the United States and
> its territories or for delivery in the United States or its territories
> except that excluded are (a) any entity that provides Defendant with
> a release of any claims it may have against Defendant as a result of
> opting into the State AG Settlement or otherwise; (b) the Defendant;
> and (c) any Alleged Provider Defendant, Alleged Provider Co-
> Conspirator, Alleged Broker Defendant and Alleged Broker Co-
> Conspirator. Also excluded from the Class are any judge, justice or
> judicial officer presiding over this matter and the members of their
> immediate families and judicial staffs.

8.     Final approval of Class Plaintiffs' settlement with Defendant JPMorgan is hereby

granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the

Class. In reaching this conclusion, the Court considered the complexity, expense, and likely

duration of the litigation, the Class's reaction to the settlement, and the result achieved.

9.     The entities identified on Exhibit 2 hereto have timely and validly requested

exclusion from the Class and, therefore, are excluded. Such entities are not included in or bound

by this Order and Final Judgment. Such entities are not entitled to any recovery from the

settlement proceeds obtained through this settlement.

10.     Pursuant to this Order and Final Judgment, solely with respect to JPMorgan, any

and all manner of claims, demands, rights, actions, suits, counterclaims, cross-claims, set-offs,

causes of action of any type, whether class, individual or otherwise in nature, fees, costs,

penalties, fines, debts, expenses, attorney fees, damages whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, whether common law equitable or statutory, which JPMorgan Settlement Class Members or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to conduct prior to the date of the JPMorgan Settlement Agreement arising out or related in any way to (i) the purchase of municipal derivatives transactions in the United States or its territories during the period from January 1, 1992 to April 18, 2012, or (ii) any conduct alleged in the Actions or that could have been alleged in the Actions, are hereby dismissed with prejudice and without costs.

11.     Releasees (as defined in the Settlement Agreement) are discharged and released from all Released Claims (as defined in the Settlement Agreement) by all Class Plaintiffs and JPM Settlement Class Members, and Class Plaintiffs and JPM Settlement Class Members hereby permanently fully, finally, and forever release, relinquish, and discharge, and (regardless of whether they seek or obtain any distribution from the settlement fund) will covenant not to sue, and will be barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Releasees.

12.     The Escrow Account established by Class Plaintiffs' Co-Lead Counsel, and into which Defendant JPMorgan has made an initial deposit of twenty-four million dollars ($24,000,000.00) and will make an additional deposit of eighteen million six hundred forty-six thousand four hundred twenty-eight dollars and fifty seven cents ($18,646,428.57), plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 4688 and the Treasury Regulations promulgated thereunder.

4

13.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

14.     Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for attorneys' fees and reimbursement made by Plaintiffs' Counsel; (d) any application for notice and administration costs, taxes and tax expenses fees; (e) any application for incentive awards for the Class Plaintiffs; and (f) the distribution of the settlement proceeds to the Class Members.

15.     Pursuant to Fed. R. Civ. P. 54, and finding no just reason for delay, the Court hereby directs the entry of final judgment as to Defendant JPMorgan.

16.     This Order shall become effective immediately.

**IT IS SO ORDERED.**

Dated: December _14_, 2012

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3040

E-MAIL ADDRESS
tricc@stblaw.com

VIA U.S. MAIL

June 7, 2012

Re:     *In re Municipal Derivatives Antitrust Litigation,* MDL No.
1950, Master Docket No. 08-2516

The Office of the Comptroller of the Currency
The Federal Reserve Board
The Attorneys General listed on Attachment A

Dear Sir/Madam:

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b),
J.P. Morgan Chase & Co., J.P Morgan Securities, Inc. (n/k/a J.P. Morgan Securities LLC)
and Bear Stearns & Co., Inc (n/k/a J.P. Morgan Securities LLC) (collectively, the "Settling
Defendants") hereby serve notice of a proposed settlement in *In re Municipal Derivatives
Antitrust Litigation,* MDL No. 1950, Master Docket No. 08-2516 (S.D.N.Y.) (the "Action")
pending in the United States District Court for the Southern District of New York (the
"Court").

A motion for preliminary approval of a proposed settlement in the Action
was filed with the Court on May 30, 2012. In compliance with the requirements set forth in
CAFA, Settling Defendants enclose a CD containing copies of the following documents
related to the Action:

1.      The original complaint, entitled "Consolidated Class Action
Complaint," dated August 22, 2008 (identified on the CD as Exhibit 1);

2.      The amended complaint, entitled "Second Consolidated Amended
Class Action Complaint," dated June 18, 2009 (identified on the CD as Exhibit 2);

3.      The motion, entitled "Class Plaintiffs' Motion for Preliminary
Approval of Settlement with Defendant JPMorgan" (the "Motion") (identified on the CD as
Exhibit 3);

BEIJING    HONG KONG    HOUSTON    LONDON    LOS ANGELES    PALO ALTO    SAO PAULO    TOKYO    WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

-2-                                                              June 7, 2012

        4.      The memorandum of law, entitled "Class Plaintiffs' Memorandum in
Support of Uncontested Motion for Preliminary Approval of Settlement with Defendants
JPMorgan Chase & Co, J.P. Morgan Securities, Inc. (N/K/A/ J.P. Morgan Securities LLC)
and Bear Stearns & Co., Inc. (N/K/A/ J.P. Morgan Securities LLC)" (identified on the CD as
Exhibit 4);

        5.      The Declaration of Michael D. Hausfeld in Support of Motion for
Preliminary Approval of Settlement (identified on the CD as Exhibit 5);

        6.      The settlement agreement, entitled "Settlement Agreement," dated
April 18, 2012 ("Settlement Agreement") submitted to the Court for its preliminary approval
as part of the Motion (identified on the CD as Exhibit 6); and

        7.      The Order, dated June 4, 2012, preliminarily approving the proposed
class action settlement, entitled "Order Preliminarily Approving Class Action Settlement"
(the "Order") (identified on the CD as Exhibit 7).

        As of the date of this letter, proposed settlement notifications to be
disseminated to putative class members informing them of, among other things, the
proposed class action settlement and the members' rights to request exclusion have not been
filed with the Court. The Settling Defendants will provide a supplemental letter including
copies of the proposed notifications promptly after plaintiffs submit them to the Court for
approval.

        Pursuant to 28 U.S.C. § 1715(b)(7), Settling Defendants state that it is not
currently feasible to provide the names of individual Class Members who reside in each
State, or a reasonable estimate of the number of class members residing in each State, and
the estimated proportionate share of the claims of such members to the entire settlement.

        The proposed class includes all state, local and municipal government
entities, independent government agencies, quasi-government, non-profit, and private
entities that purchased by negotiation, competitive bidding or auction Municipal Derivative
Transactions (as defined in the Settlement Agreement) from Settling Defendants or other
providers defined in the Settlement Agreement or through brokers defined in the Settlement
Agreement between January 1, 1992 and August 18, 2011. Excluded from the class are (i)
the Settling Defendants, (ii) any entity that provides Settling Defendants with a release of
any claims it may have as a result of opting into the State AG Settlement (as defined in the
Settlement Agreement) or otherwise, (iii) any Alleged Provider Defendant, Alleged
Provider Co-Conspirator, Alleged Broker Defendant and Alleged Broker Co-Conspirator (as
those terms are defined in the Settlement Agreement); and (iv) any judge, justice or judicial
officer presiding over the matter and members of their immediate families and judicial
staffs. Also excluded from the class are those persons who timely and validly request
exclusion from the class.

SIMPSON THACHER & BARTLETT LLP

-3-                                                    June 7, 2012

Settling Defendants further state that, as of the date of this letter:

(i)     The Court has scheduled a Fairness Hearing on December 14, 2012 at
        2:00 p.m.  The Court has not scheduled any other hearings regarding
        this Motion.

(ii)    The Court has issued an order, dated June 4, 2012, preliminarily
        approving the settlement (identified on the enclosed CD as Exhibit 7).
        No other written judicial opinion or order relating to the settlement
        has been issued.

(iii)   The Court has not ordered any final judgment or notice of dismissal.

                              Very truly yours,

                              Thomas C. Rice

Enclosures

cc:  Greg Baer (J.P. Morgan)

## ATTACHMENT A

Eric H. Holder, Jr.
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Chris Koster
Missouri Attorney General
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102

Luther Strange
Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36104

Steve Bullock
Montana Attorney General
Department of Justice
215 N. Sanders
P.O. Box 201401
Helena, MT 59620-1401

Michael C. Geraghty
Alaska Attorney General
P.O. Box 110300
Juneau, AK 99811-0300

Jon Bruning
Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509

Thomas C. Horne
Arizona Attorney General
1275 W. Washington St.
Phoenix, AZ 85007-2926

Catherine Cortez Masto
Nevada Attorney General
Old Supreme Court Building
100 North Carson Street

Dustin McDaniel
Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201-2610

Michael Delaney
New Hampshire Attorney General
State House Annex
33 Capitol Street

Kamala D. Harris
California Attorney General
1300 I St., Ste. 1740,
Sacramento, CA 95814

Jeffrey S. Chiesa
New Jersey Attorney General
P.O. Box 080
Trenton, NJ 08625-0080

John W. Suthers
Colorado Attorney General
1525 Sherman Street
Denver, CO 80203

Gary K. King
New Mexico Attorney General
P. O. Drawer 1508
Santa Fe, NM 87504-1508

George C. Jepsen
Connecticut Attorney General
55 Elm Street
Hartford, CT 06106

Eric T. Schneiderman
New York Attorney General
The Capitol
Albany, NY 12224-0341

Joseph R. Biden, III
Delaware Attorney General
Carvel State Office Bldg.
820 N. French Street
Wilmington, DE 19801

Irvin B. Nathan
District of Columbia
Attorney General
441 4th Street NW
Washington, DC 20001

Pam Bondi
Florida Attorney General
The Capitol PL-01
Tallahassee, FL 32399-1050

Sam Olens
Georgia Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

David M. Louie
Hawaii Attorney General
425 Queen Street
Honolulu, HI 96813

Lawrence G. Wasden
Idaho Attorney General
700 W Jefferson Street
P.O. Box 83720
Boise, ID 83720-0010

Lisa Madigan
Illinois Attorney General
100 West Randolph Street
Chicago, IL 60601

Roy A. Cooper, III
North Carolina Attorney General
9001 Mail Service Center
Raleigh, NC 27699-9001

Wayne Stenehjem
North Dakota Attorney General
State Capitol
600 E. Boulevard Ave.,
Dept. 125
Bismarck, ND 58505-0040

Richard M. DeWine
Ohio Attorney General
State Office Tower,
30 E. Broad Street, 14th Floor
Columbus, OH 43215

E. Scott Pruitt
Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

John R. Kroger
Oregon Attorney General
Oregon Dept of Justice
1162 Court Street NE
Salem, OR 97301-4096

Linda L. Kelly
Pennsylvania Attorney General
Pennsylvania Office of Attorney General
Strawberry Square
16th Floor
Harrisburg, PA 17120

Peter F. Kilmartin
Rhode Island Attorney General
150 South Main Street
Providence, RI 02903

2

Greg Zoeller
Indiana Attorney General
Indiana Government Center South-
5th Floor
302 W. Washington Street,
Indianapolis, IN 46204

Thomas J. Miller
Iowa Attorney General
Hoover State Office Bldg.,
1305 E. Walnut Street
Des Moines, IA 50319

Derek Schmidt
Kansas Attorney General
Memorial Hall, 2nd Floor
120 SW 10th Street
Topeka, KS 66612-1597

John W. Conway
Kentucky Attorney General
700 Capitol Avenue, Suite 118
Frankfort, KY 40601-3449

James D. Caldwell, Sr.
Louisiana Attorney General
P. O. Box 94005
Baton Rouge, LA 70804-4095

William J. Schneider
Maine Attorney General
6 State House Station
Augusta, ME 04333

Douglas F. Gansler
Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202-2202

Martha M. Coakley
Massachusetts Attorney General
One Ashburton Place
Boston, MA 02108-1698

Alan Wilson
South Carolina Attorney General
P. O. Box 11549
Columbia, SC 29211

Marty J. Jackley
South Dakota Attorney General
1302 E. Hwy 14, Suite 1
Pierre, SD 57501-8501

Robert E. Cooper, Jr.
Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207

Gregory W. Abbott
Texas Attorney General
Capitol Station, P. O. Box 12548
Austin, TX 78711-2548

Mark Shurtleff
Utah Attorney General
PO Box 142320
Salt Lake City, UT 84114-2320

William H. Sorrell
Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001

Kenneth T. Cuccinelli, II
Virginia Attorney General
900 East Main Street
Richmond, VA 23219

Robert McKenna
Washington Attorney General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100

William D. Schuette
Michigan Attorney General
G. Mennen Williams Building, 7th Floor
525 W. Ottawa Street.
P. O. Box 30212
Lansing, MI 48909

Lori Swanson
Minnesota Attorney General
1400 Bremer Tower
445 Minnesota Street
St. Paul, MN 55101-2131

Jim Hood
Mississippi Attorney General
P. O. Box 220
Jackson, MS 39205

Darrell V. McGraw, Jr.
West Virginia Attorney General
State Capitol Complex, Bldg. 1 Room E-26
Charleston, WV 25305

J.B. Van Hollen
Wisconsin Attorney General
Wisconsin Department of Justice
P. O. Box 7857
Madison, WI 53707-7857

Gregory A. Phillips
Wyoming Attorney General
123 Capitol Building
200 W. 24th Street
Cheyenne, WY 82002

4

SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3040

E-MAIL ADDRESS
trice@stblaw.com

<u>VIA U.S. MAIL</u>                                        June 26, 2012

Re:     *In re Municipal Derivatives Antitrust Litigation,* MDL No.
         1950, Master Docket No. 08-2516

The Attorneys General, listed in Attachment A
The Federal Reserve Board
The Office of the Comptroller of the Currency

Dear Sir/Madam:

        Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b),
J.P. Morgan Chase & Co., J.P Morgan Securities, Inc. (n/k/a J.P. Morgan Securities LLC)
and Bear Stearns & Co., Inc (n/k/a J.P. Morgan Securities LLC) (collectively, the "Settling
Defendants") hereby serves this supplemental notice of a proposed settlement in *In re
Municipal Derivatives Antitrust Litigation*, MDL No. 1950, Master Docket No. 08-2516
(S.D.N.Y.) (the "Action") pending in the United States District Court for the Southern
District of New York (the "Court"). This supplemental notice includes documents that were
filed on June 22, 2012 and therefore not yet filed as of Settling Defendants' original notice,
dated June 6, 2012.

        In compliance with the requirements set forth in CAFA, Settling Defendants
enclose a CD containing copies of the following documents related to the Action, which
supplement the documents enclosed in the June 6, 2012 notice:

        1.      Class Plaintiffs' Motion for Approval of Notice Plan and Forms
Related to Settlement with Defendant JPMorgan (identified on the CD as Exhibit 1);

        2.      Class Plaintiffs' Memorandum of Law in Support of Motion for
Approval of Notice Program and Forms Related to Settlement with Defendant JPMorgan,
and accompanying Proposed Order Approving Notice Plan and Forms Related to Settlement
with Defendant JPMorgan and Certificate of Service (identified on the CD as Exhibit 2);

BEIJING    HONG KONG    HOUSTON    LONDON    LOS ANGELES    PALO ALTO    SAO PAULO    TOKYO    WASHINGTON, D.C.

SIMPSON THACHER & BARTLETT LLP

-2-                                                    June 26, 2012

3.      The Declaration of Megan E. Jones in Support of Motion for Approval of Notice Program and Forms Related to Settlement with Defendant JPMorgan (identified on the CD as Exhibit 3); and

4.      The Declaration of Katherine Livesay and accompanying exhibits A, B and C (identified on the CD as Exhibit 4).

On June 25, 2012, the Court so-ordered the Proposed Order Approving Notice Plan and Forms Related to Settlement with Defendant JPMorgan (the Proposed Order is included on the CD as part of Exhibit 2).

Very truly yours,

Thomas C. Rice

Enclosures

## ATTACHMENT A

Eric H. Holder, Jr.
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Luther Strange
Alabama Attorney General
501 Washington Avenue
Montgomery, AL 36104

Michael C. Geraghty
Alaska Attorney General
P.O. Box 110300
Juneau, AK 99811-0300

Thomas C. Horne
Arizona Attorney General
1275 W. Washington St.
Phoenix, AZ 85007-2926

Dustin McDaniel
Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201-2610

Kamala D. Harris
California Attorney General
1300 I St., Ste. 1740,
Sacramento, CA 95814

John W. Suthers
Colorado Attorney General
1525 Sherman Street
Denver, CO 80203

George C. Jepsen
Connecticut Attorney General
55 Elm Street
Hartford, CT 06106

Chris Koster
Missouri Attorney General
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102

Steve Bullock
Montana Attorney General
Department of Justice
215 N. Sanders
P.O. Box 201401
Helena, MT 59620-1401

Jon Bruning
Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509

Catherine Cortez Masto
Nevada Attorney General
Old Supreme Court Building
100 North Carson Street

Michael Delaney
New Hampshire Attorney General
State House Annex
33 Capitol Street

Jeffrey S. Chiesa
New Jersey Attorney General
P.O. Box 080
Trenton, NJ 08625-0080

Gary K. King
New Mexico Attorney General
P. O. Drawer 1508
Santa Fe, NM 87504-1508

Eric T. Schneiderman
New York Attorney General
The Capitol
Albany, NY 12224-0341

1

Joseph R. Biden, III
Delaware Attorney General
Carvel State Office Bldg.
820 N. French Street
Wilmington, DE 19801

Irvin B. Nathan
District of Columbia
Attorney General
441 4th Street NW
Washington, DC 20001

Pam Bondi
Florida Attorney General
The Capitol PL-01
Tallahassee, FL 32399-1050

Sam Olens
Georgia Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

David M. Louie
Hawaii Attorney General
425 Queen Street
Honolulu, HI 96813

Lawrence G. Wasden
Idaho Attorney General
700 W Jefferson Street
P.O. Box 83720
Boise, ID 83720-0010

Lisa Madigan
Illinois Attorney General
100 West Randolph Street
Chicago, IL 60601

Roy A. Cooper, III
North Carolina Attorney General
9001 Mail Service Center
Raleigh, NC 27699-9001

Wayne Stenehjem
North Dakota Attorney General
State Capitol
600 E. Boulevard Ave.,
Dept. 125
Bismarck, ND 58505-0040

Richard M. DeWine
Ohio Attorney General
State Office Tower,
30 E. Broad Street, 14th Floor
Columbus, OH 43215

E. Scott Pruitt
Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

John R. Kroger
Oregon Attorney General
Oregon Dept of Justice
1162 Court Street NE
Salem, OR 97301-4096

Linda L. Kelly
Pennsylvania Attorney General
Pennsylvania Office of Attorney General
Strawberry Square
16th Floor
Harrisburg, PA 17120

Peter F. Kilmartin
Rhode Island Attorney General
150 South Main Street
Providence, RI 02903

2

Greg Zoeller
Indiana Attorney General
Indiana Government Center South-
5th Floor
302 W. Washington Street,
Indianapolis, IN 46204

Thomas J. Miller
Iowa Attorney General
Hoover State Office Bldg.,
1305 E. Walnut Street
Des Moines, IA 50319

Derek Schmidt
Kansas Attorney General
Memorial Hall, 2nd Floor
120 SW 10th Street
Topeka, KS 66612-1597

John W. Conway
Kentucky Attorney General
700 Capitol Avenue, Suite 118
Frankfort, KY 40601-3449

James D. Caldwell, Sr.
Louisiana Attorney General
P. O. Box 94005
Baton Rouge, LA 70804-4095

William J. Schneider
Maine Attorney General
6 State House Station
Augusta, ME 04333

Douglas F. Gansler
Maryland Attorney General
200 St. Paul Place
Baltimore, MD 21202-2202

Martha M. Coakley
Massachusetts Attorney General
One Ashburton Place
Boston, MA 02108-1698

Alan Wilson
South Carolina Attorney General
P. O. Box 11549
Columbia, SC 29211

Marty J. Jackley
South Dakota Attorney General
1302 E. Hwy 14, Suite 1
Pierre, SD 57501-8501

Robert E. Cooper, Jr.
Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207

Gregory W. Abbott
Texas Attorney General
Capitol Station, P. O. Box 12548
Austin, TX 78711-2548

Mark Shurtleff
Utah Attorney General
PO Box 142320
Salt Lake City, UT 84114-2320

William H. Sorrell
Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001

Kenneth T. Cuccinelli, II
Virginia Attorney General
900 East Main Street
Richmond, VA 23219

Robert McKenna
Washington Attorney General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100

3

William D. Schuette
Michigan Attorney General
G. Mennen Williams Building, 7th Floor
525 W. Ottawa Street.
P. O. Box 30212
Lansing, MI 48909

Lori Swanson
Minnesota Attorney General
1400 Bremer Tower
445 Minnesota Street
St. Paul, MN 55101-2131

Jim Hood
Mississippi Attorney General
P. O. Box 220
Jackson, MS 39205

Darrell V. McGraw, Jr.
West Virginia Attorney General
State Capitol Complex, Bldg. 1 Room E-26
Charleston, WV 25305

J.B. Van Hollen
Wisconsin Attorney General
Wisconsin Department of Justice
P. O. Box 7857
Madison, WI 53707-7857

Gregory A. Phillips
Wyoming Attorney General
123 Capitol Building
200 W. 24th Street
Cheyenne, WY 82002

4

# EXHIBIT 2

## JPMorgan Exclusions

| | |
|---|---|
| 1 | City of Stockton |
| 2 | City of Livingston |
| 3 | Town of La Conner |
| 4 | Tina-Avalon R-II Public School |
| 5 | Millheim Borough d/b/a The Borough of Millheim |
| 6 | Plainview Public School |
| 7 | City of Ouray |
| 8 | William E. Price |
| 9 | Regional Education Cooperative VII d/b/a Lea Regional Education Cooperative VII |
| 10 | Jacksonville College |
| 11 | Village of Brownstown |
| 12 | City of Meigs |
| 13 | Anne Arundel County Public Schools |
| 14 | County of Contra Costa |
| 15 | City of Crystal Lake |
| 16 | Jefferson County |
| 17 | City of Redwood City |
| 18 | Redevelopment Agency of the City of Redwood City |
| 19 | City of Redwood City Public Financing Authority |
| 20 | County of Alameda |
| 21 | City of Oakland |
| 22 | Lake County Forest Preserve District |
| 23 | New York Local Government Assistance Corporation |
| 24 | Los Angeles Unified School District |
| 25 | Los Angeles Unified School District Financing Corporation |
| 26 | Los Angeles Unified School District interest in funds invested by the County of Los Angeles, California Treasurer and Tax Collector of the County of Los Angeles Kenneth Hahn Hall of Administration |
| 27 | East Bay Delta Housing & Finance Agency |
| 28 | Adelanto Public Utility Authority |
| 29 | City of Adelanto |
| 30 | Adelanto Public Financing Authority |
| 31 | Adelanto Improvement Agency |
| 32 | Adelanto Water Authority |
| 33 | Adelanto Redevelopment Agency |
| 34 | Hudson County |
| 35 | City of Houston |
| 36 | The State Treasurer's Office, State of California |
| 37 | California Alternative Energy and Advanced Transportation Financing Authority |
| 38 | California Health Facilities Financing Authority |
| 39 | California Educational Facilities Authority |
| 40 | California Pollution Control Control Financing Authority |

| 41 | California School Finance Authority |
|----|----|
| 42 | Attorney General of the Commonwealth of Massachusetts |
| 43 | Kishwaukee Health System (d/b/a) KishHealth System, Kishwaukee Health System, Kishwaukee Community Hospital |
| 44 | County of Fresno |
| 45 | Fresno County Financing Authority |
| 46 | Municipal Electric Authority of Georgia |
| 47 | Active Retirement Community, Inc., d/b/a Jefferson's Ferry |
| 48 | City of Los Angeles |
| 49 | Municipal Improvement Corporation of Los Angeles |
| 50 | City of Los Angeles Community Facilities District No 4 (Playa Vista - Phase I) |
| 51 | City of Richmond |
| 52 | Richmond Joint Powers Financing Authority |
| 53 | Richmond Community Redevelopment Agency |
| 54 | Richmond Redevelopment Agency |
| 55 | City of Riverside |
| 56 | Redevelopment Agency of the City of Riverside |
| 57 | Public Financing Authority of the City of Riverside |
| 58 | City of Stockton |
| 59 | The Public Financing Authority of the City of Stockton |
| 60 | The Redevelopment Agency of the City of Stockton |
| 61 | County of San Mateo |
| 62 | San Mateo County Joint Powers Financing Authority |
| 63 | San Mateo County Flood Control District |
| 64 | County of Tulare |
| 65 | Tulare County Public Facilities Corporation |
| 66 | Tulare County Redevelopment Agency |
| 67 | Tulare County interest in pooled funds with California Statewide Community Development Authority |
| 68 | East Bay Municipal Utility District |
| 69 | Kendal on Hudson, Inc. |
| 70 | Los Angeles World Airports (d/b/a) Department of Airports of the City of Los Angeles |
| 71 | The former San Francisco Redevelopment Agency |
| 72 | City and County of San Francisco Redevelopment Financing Authority |
| 73 | Successor Agency to the San Francisco Redevelopment Agency |
| 74 | Sacramento Municipal Utility District |
| 75 | Sacramento Municipal Utility District Financing Authority |
| 76 | Central Valley Financing Authority |
| 77 | Northern California Gas Authority No. 1 |
| 78 | Sacramento Power Authority |
| 79 | Sacramento Cogeneration Authority |
| 80 | Sacramento Suburban Water District |
| 81 | City of Fresno |
| 82 | County of San Diego |

| 83 | San Diego Unified School District |
| 84 | San Diego Community College District |
| 85 | Poway Unified School District |
| 86 | Grossmont-Cuyamaca Community College District |
| 87 | West Virginia Hospital Finance Authority |
| 88 | West Virginia Department of Highways |
| 89 | West Virigina Water Development Authority |
| 90 | West Virginia Housing Development Fund |
| 91 | City of Charleston Sanitary Board |
| 92 | City of Woodland |