RUDOLPH L. DiTRAPANO
JOSHUA I. BARRETT†
J. TIMOTHY DiPIERO
LONNIE C. SIMMONS
SEAN P. McGINLEY
ROBERT M. BASTRESS III
OLUBUNMI T. KUSIMO-FRAZIER
ELIZABETH G. KAVITZ*
KATHERINE R. SNOW*

*Also Admitted In New York
†Of Counsel

# DiTRAPANO, BARRETT, DiPIERO, McGINLEY & SIMMONS, PLLC

ATTORNEYS AT LAW
P.O. Box 1631
CHARLESTON, WEST VIRGINIA 25326-1631
TELEPHONE 304-342-0133
FACSIMILE 304-342-4605
www.dbdlawfirm.com

jbarrett@dbdlawfirm.com

June 17, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/13

The Honorable Victor Marrero
United States District Court Judge
United States Courthouse
500 Pearl Street, Room 660
New York, NY 10007

Re: *In re Municipal Derivative Antitrust Litigation*,
MDL 1950, Master Docket No. 0802516 (S.D.N.Y.)(VM)(GWG)

Dear Judge Marrero:

Plaintiff West Virginia respectfully responds to the June 13, 2013 letter from Douglas Wald, counsel for GE Funding Capital Market Services, Inc., Trinity Funding Co., LLC, and Trinity Plus Funding Co., LLC (collectively, "GE Entities").

"Leave to amend at this stage in the proceedings 'shall be freely given' in the absence of countervailing factors such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of the amendment. *See* Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)." *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997). Contrary to the GE Entities' assertions, West Virginia's request for leave to file a motion to amend its complaint is not belated or dilatory. The GE Entities suffer no prejudice as a result of West Virginia's request to move to file a second amended complaint. Discovery in this matter is still ongoing with no set deadline, and, in fact, is still in its early stages as a result of a stay in discovery. *See Magistrate Judge Gorenstein March 22, 2011 Order; Joint Report Regarding the Status of Discovery and Order for Scheduling*, May 2, 2013, ECF 1784. In addition, the class action plaintiffs in this MDL filed their most recent amended complaint—their fourth—on March 8, 2013, only three months prior to West Virginia making its June 11, 2013 request. As of this date, the GE Entities' Answer to the class plaintiffs' Third Amended Complaint is still pending.

Moreover, this Court, in its April 11, 2011 Order, stated West Virginia could seek to reinstate its claims against the GE Entities if sufficient supportive facts were discovered "during the course of discovery." *West Virginia ex rel. McGraw v. Bank of America, N.A.*, 790 F. Supp. 2d 106, 121 (S.D.N.Y. 2011). West Virginia's access to additional information has been limited in the two years

Hon. Victor Marrero, Judge
June 17, 2013
Page: 2

since its claims against GE were dismissed. Discovery in this matter has been limited and restricted, particularly as it relates discovery of alleged conspiratorial conduct, *see Magistrate Judge Gorenstein March 22, 2011 Order*, as this case has been subject to a stay. Further, while the trial in *United States v. Carollo*, 10 Cr. 654 (S.D.N.Y.) concluded in May 2012, the appeals to the Second Circuit were filed in February 2013, and the Government response brief was filed on May 8, 2013. *See generally* Docket, *United States v. Carollo*, 12-4365 (2d Cir.). West Virginia should not be faulted for choosing to review trial transcripts and the appeal briefs to be certain that sufficient facts were developed to support amending its complaint.[1] Furthermore, West Virginia's reinstated claims against the GE Entities incorporate numerous allegations contained in the Third Amended Class Complaint, which, as noted above, was only filed in March of this year and has not been answered by the GE Entities.

Prejudice to the GE Entities is non-existent and the delay was negligible given the magnitude and complexity of the MDL and the fact that no deadlines currently exist for the completion of discovery or trial. West Virginia is prepared to move promptly to amend its Second Amended Complaint if this Court grants West Virginia leave to do so. Accordingly, West Virginia respectfully requests that this Court grant West Virginia's request for leave to amend its complaint.

Respectfully submitted,

Joshua I. Barrett

cc:   Counsel of record (by email)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *plaintiff West Virginia*.
>
> SO ORDERED.
>
> 6-17-13
> DATE        VICTOR MARRERO, U.S.D.J.

---

[1] While it would have been reasonable for West Virginia to await the completion of the appeal in *Carollo* and to receive additional materials relating to those prosecutions, including materials subject to a pending FOIA request to the DOJ, West Virginia chose to move for leave to amend its complaint in light of the March 2013 class plaintiffs' amendment.