USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3/18/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MUNICIPAL DERIVATIVES ANTITRUST LITIGATION | :   MDL No. 1950<br><br>Master Docket No. 08-02516 (VM) (GWG) |
| THIS DOCUMENT RELATES TO:<br><br>CLASS PLAINTIFFS ONLY | |

**AMENDED [PROPOSED] ORDER APPROVING CLASS PLAINTIFFS' MOTION FOR DISTRIBUTION OF SETTLEMENT FUNDS**

AND NOW, this 18th day of March, 2016, upon consideration of Class Plaintiffs' Motion for Distribution of Settlement Funds, the Memorandum of Law and Declaration of Jessica Jenkins Regarding Claims Administration, Allocation and Distribution of the Net Settlement Fund to Claimants filed in support thereof, and any responses;

It is hereby ORDERED that the Motion is GRANTED.  It is FURTHER ORDERED as follows:

1.  Plaintiffs are hereby authorized to distribute settlement funds from the Morgan Stanley Settlement, the Wachovia Settlement, the JPMorgan Settlement, the Bank of America Settlement, and the GE Settlement ("Settlement Funds") in accordance with the distribution plan previously approved by the Court on June 6, 2014 (Dkt. # 1904) for the reasons stated in the Memorandum in Support of Class Plaintiffs' Motion for Distribution of Settlement Funds.

2. The claims for distributions from the Settlement Funds submitted by Lehman Brothers Inc., Convexity Capital Management LP, Franklin Templeton Investments, and Putnam Group of Funds are ineligible for any distribution from the Settlement Funds for the reasons stated in the Memorandum in Support of Class Plaintiffs' Motion for Distribution of Settlement Funds.

3. All claims by claimants who filed after February 25, 2015 are barred as late-filed claims, except for the late claim filed by Active Retirement Community, Inc. d/b/a Jefferson's Ferry ("JF") as set forth below.

4. The remaining claims for distributions from the Settlement Funds that the Claims Administrator deemed ineligible, as set forth in Exhibit F to the Declaration of Tore Hodne Regarding Claims Administration, Allocation and Distribution of the Net Settlement Fund to Claimants, are ineligible for any distribution from the Settlement Funds for the reasons stated in the Memorandum in Support of Class Plaintiffs' Motion for Distribution of Settlement Funds. The sole exception is the claim filed by JF, which has one valid transaction as determined by the claims administrator.

5. All persons involved in the review, verification, calculation, tabulation or any other aspect of the processing of the distribution of the Settlement Funds, including the Claims Administrator, Class Plaintiffs, Class Counsel, Defendants, and Defense Counsel, are hereby released and discharged from any and all claims arising out of such involvement for the reasons stated in the Memorandum in Support of Class Plaintiffs' Motion for Distribution of Settlement Funds.

6. All claimants to funds from the Settlement Funds, whether or not they receive a distribution from the settlement funds, are hereby barred from making any further claims against

the Settlement Funds for the reasons stated in the Memorandum in Support of Class Plaintiffs' Motion for Distribution of Settlement Funds.

7.  The Claims Administrator may discard both electronic and paper copies of claim forms and all supporting documentation two years after the distribution of the Settlement Funds for the reasons stated in the Memorandum in Support of Class Plaintiffs' Motion for Distribution of Settlement Funds.

Dated: 18 March 2016

_____
Hon. Victor Marrero
United States District Judge